UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| WARREN BEAULAH, ANTHONY SMITH, and DARYL RANSOM, <br><br> Plaintiff, <br><br> vs. <br><br> MUSCOGEE COUNTY SHERIFF'S DEPUTIES, JOHARY ELLERBIE, ROBERT TAYLOR, ALLEN HUMPHREY, RUSTY BLAIR, DAVID GLISSON, and JOHN DOE, in their individual and official capacities, MUSCOGEE COUNTY SHERIFF, RALPH JOHNSON in his individual capacity and official capacity as Sheriff of Muscogee County Sheriff Department, and the CITY OF COLUMBUS, GEORGIA, as a Consolidated Government, <br><br> Defendants. | CIVIL ACTION <br><br> Case No.: 1 0 4 -cv- <br><br> Plaintiffs Demand a Trial By Jury |

## COMPLAINT

### Introduction

1. This is an action for money damages and equitable relief brought pursuant to 42 U.S.C. sections 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution and under the common laws of the State of Georgia, against Deputy Sheriff Johary Ellerbie, Deputy Robert Taylor, Deputy Allen Humphrey, Deputy Rusty Blair, Deputy David Glisson, and Deputy John Doe; Sheriff Ralph Johnson, all of the Sheriff's Department of Muscogee County, State of Georgia, in their individual and official capacities; and against the City of Columbus as a consolidated government.

2.      It is alleged that the individual Deputy Defendants made an unreasonable search and seizure of Plaintiffs Warren Beaulah, Anthony Smith and Daryl Ransom, violating their rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants falsely imprisoned said Plaintiffs. It is further alleged that these violations and common torts were committed as a result of policies and customs of the City of Columbus as a consolidated government

### Jurisdiction

3.      Jurisdiction is based upon 28 U.S.C. 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

4.      All violations of Plaintiffs' rights as alleged below were committed in Muscogee County, Georgia, within the Middle District of Georgia.

### Parties

5.      Warren Beaulah, hereinafter referred to as **PLAINTIFF BEAULAH**, was at all times a resident of Columbus, Georgia, and of full age.

6.      Anthony Smith, hereinafter referred to as **PLAINTIFF SMITH**, was at all times a resident of Columbus, Georgia, and of full age.

7.      Daryl Ransom, hereinafter referred to as **PLAINTIFF RANSOM**, was at all times a resident of Columbus, Georgia, and of full age.

8.      Deputy Johary Ellerbie, Deputy Robert Taylor, Deputy Allen Humphrey, Deputy Rusty Blair, Deputy David Glisson, and Deputy John Doe, hereinafter referred to collectively as **DEFENDANT DEPUTIES**, were at all times relevant to this complaint duly appointed and acting officers of the Sheriff's Department of Muscogee County, Georgia, acting under color of

law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of Muscogee County, Georgia and the Consolidated Government of Columbus, Georgia. Defendant DEPUTIES are subject to the jurisdiction and venue of this Court.

9. Ralph Johnson, hereinafter referred to as **DEFENDANT SHERIFF**, was and is at all times relevant to this complaint, the duly elected Sheriff of Muscogee County, Georgia and as such is the ultimate repository of county authority and final decision maker in respect to law enforcement on behalf of Muscogee County, Georgia and as such is responsible for insuring that all employees/agents/deputies of Muscogee County Sheriff's Department abide by the laws of the State of Georgia and the laws of the United States of America and is responsible for the operation, administration, and supervision of day to day activities of the Muscogee County Sheriff's Department, to include the hiring, firing, and training of deputy sheriffs and enforcement of the policies of the department. **DEFENDANT SHERIFF** is subject to the jurisdiction and venue of this Court.

10. Defendant **CONSOLIDATED GOVERNMENT OF COLUMBUS, GEORGIA**, hereinafter referred to as, **DEFENDANT CITY**, at all times relevant hereto was and is a governmental entity of the State of Georgia, and as chartered by the State of Georgia consolidated and combined with Muscogee County, Georgia, and is engaged, *inter alia*, in the operation of the Sheriff's Department of Muscogee County, is the employer of the defendant deputies, and is subject to the jurisdiction and venue of this Court.

### Facts

11. Plaintiffs repeat and reallege by reference each and every allegation contained in paragraphs one (1) through ten (10) and incorporate the same herein as though fully set forth.

12. On or about December 10, 2003, at approximately 8:55 p.m., the **DEFENDANT DEPUTIES** stopped a GMC Yukon operated by **PLAINTIFF BEAULAH**, and occupied by **PLAINTIFF SMITH, PLAINTIFF RANSOM**, and Kenneth Walker.

13. **DEFENDANT DEPUTIES** without warning or provocation, forcefully snatched Plaintiffs out of the GMC Yukon while aiming loaded machine guns at the Plaintiffs.

14. **DEFENDANT DEPUTIES** proceeded to forcefully throw the Plaintiffs to the ground and placed the muzzle of their machine guns to their respective heads. While the Plaintiffs were laying on the ground, one of the **DEFENDANT DEPUTIES** fired his machine gun twice causing the Plaintiff to be in fear for their lives and immediate apprehension for received a serious bodily injury.

15. The Plaintiffs were forced to remain on the ground for an extended period after they were handcuffed and physically assaulted by **DEFENDANT DEPUTIES**.

16. **PLAINTIFF BEAULAH** was repeatedly told to "shut up" by **DEFENDANT DEPUTIES** when the Plaintiff asked why his vehicle was stopped.

17. The Plaintiffs were forced and subjected to standing outside in near freezing temperatures for an extended period of time after **DEFENDANT DEPUTIES** conducted two (2) exhaustive searches of said GMC Yukon and found no illegal weapons or contraband.

18. At all times material to the Defendants' unconstitutional actions, the Plaintiffs complied with the commands and requests of **DEFENDANT DEPUTIES**.

19. **DEFENDANT DEPUTIES** without legal cause, placed **PLAINTIFF BEAULAH, PLAINTIFF SMITH**, and **PLAINTIFF RANSOM** under arrest, took the Plaintiffs into custody, and transported the Plaintiffs to a holding facility.

20. **DEFENDANT DEPUTIES** subjected the Plaintiffs to hours of undue interrogation and unreasonable intimidation in custody at a holding facility.

21. At or about 3:30 am, the Plaintiffs were released from **DEFENDANT DEPUTIES** custody.

22. At no time during the events described above, did the Plaintiffs commit any criminal offenses.

23. **DEFENDANT DEPUTIES** had no probable cause to arrest/detain the Plaintiffs and no legal cause to seize their respective persons.

24. At all times during the events described above, the **DEFENDANT DEPUTIES** were engaged in a joint venture. The individual deputies assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

25. As a direct and proximate result of the said acts of the Defendants, **PLAINTIFF BEAULAH, PLAINTIFF SMITH,** and **PLAINTIFF RANSOM** suffered the following injuries and damages:

    a. Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their persons;

    b. Loss of their physical liberty; and

    c. Extreme emotional distress, trauma and suffering.

26. The actions of the **DEFENDANT DEPUTIES** were intentional and violated the following clearly established and well settled federal constitutional rights of Plaintiffs:

a. Freedom from the unreasonable seizure of their persons; and

b. Freedom from the use of excessive, unreasonable and unjustifiable force against their respective persons.

## COUNT I

### 42 U.S.C. 1983 Against Individual Defendants

27. Paragraphs one (1) through twenty-six (26) are incorporated herein by reference as though fully set forth.

28. **PLAINTIFF BEAULAH, PLAINTIFF SMITH, and PLAINTIFF RANSOM,** individually, claim damages for the injuries set forth above under 42 U.S.C. 1983 against **DEFENDANT DEPUTIES** for violation of their constitutional rights under color of law.

29. The actions of the individual defendants constituted an agreement, expressed or implied, between the members to carry out a common purpose, and interest in that purpose, and each had an equal right to a voice in the enterprise, and are therefore vicarious liability for the other's negligence.

## COUNT II

### False Arrest and Illegal Imprisonment Against Individual Defendants

30. Paragraphs one (1) through twenty-nine (29) are incorporated herein by reference as though fully set forth.

31. **DEFENDANT DEPUTIES** illegally arrested and illegally imprisoned **PLAINTIFF BEAULAH, PLAINTIFF SMITH, and PLAINTIFF RANSOM.**

32. As a result of this false arrest and illegal imprisonment, the Plaintiffs suffered the damages as aforesaid.

33. The actions of **DEFENDANT DEPUTIES** also constitute the torts of assault, battery, and intentional physical injury under Georgia law.

34. The aforementioned conduct on the part of each defendant was outrageous as to shock the conscience of a reasonable person and was done with such malicious intent and reckless disregard for the safety and constitutional rights of the plaintiffs, that the plaintiffs are entitled to punitive damages.

## COUNT III

### 42 U.S.C. 1983 Against Defendant Sheriff

34. Paragraphs one (1) through thirty-three (33) are incorporated herein by reference as though fully set forth.

35. **DEFENDANT SHERIFF** as the duly elected Sheriff of Muscogee County, has at all times relevant hereto, though custom, policy, and practice maintained an inadequate system of reviewing the use of force by its employees/agents/deputies. Due to the lack of a system of review, the defendant has systematically failed to train, discipline, more closely supervise, or restrain its employees/agents/deputies from the use of such force.

36. **DEFENDANT SHERIFF** as the duly elected Sheriff of Muscogeee County is the ultimate repository of county authority in respect to law enforcement on behalf of Muscogee County, Georgia and as such is responsible for insuring that all employees/agents/deputies of Muscogee County Sheriff's Department abide by the laws of the State of Georgia and the laws of the United States of America.

37. **DEFENDANT SHERIFF** as the duly elected Sheriff of Muscogee County is the final decision-maker on behalf of Muscogee County, Georgia in respect to formulating and

implementing the official policies and procedures of the Muscogee County Sheriff's Department. **DEFENDANT SHERIFF** is further responsible for the hiring and training of employees/agents/deputies of the Muscogee County Sheriff's Department.

38. **DEFENDANT SHERIFF** as the duly elected Sheriff of Muscogee County is responsible for the aforementioned acts, omissions, customs, policies, practices, and systemic deficiencies of the Muscogee County Sheriff's Department and its employees/agents/deputies which caused the constitutional deprivations complained of by the plaintiffs. His liability is due to the fact that said acts, omissions, customs, policies, practices, and systemic deficiencies arose through the official actions and/or deliberate indifference of **DEFENDANT SHERIFF**, himself or of persons under his supervision and control or under authority delegated by him.

39. In addition to being directly liable for his own tortuous acts and omissions, **DEFENDANT SHERIFF** is also liable for the acts and omissions of those employees/agents/deputies acting under his supervision and control, which caused the aforementioned injuries and constitutional deprivations suffered by the plaintiffs.

## COUNT IV

### 42 U.S.C. 1983 Against City of Columbus as a Consolidated Government

40. Paragraphs one (1) through thirty-nine (39) are incorporated herein by reference as though fully set forth.

41. Prior to December 10, 2003, the City of Columbus developed and maintained policies, customs, and practices exhibiting deliberate indifference to the constitutional rights of persons in Columbus, which caused the violation of the Plaintiffs' rights.

42. It was the policy, custom, and practice of **DEFENDANT CITY** to inadequately and improperly investigate citizen complaints of Sheriff deputies' misconduct and acts of misconduct were tolerated by **DEFENDANT CITY**.

43. It was the policy, custom, and practice of **DEFENDANT CITY** to inadequately supervise and train its Sheriff deputies, including the **DEFENDANT DEPUTIES**, thereby failing to adequately discourage further constitutional violations on the part of its officers. **DEFENDANT CITY** did not require appropriate in-service training or re-training of its Sheriff deputies who were known to have engaged in police misconduct under the color of law.

44. As a result of the above described policies, customs, and practices, deputies of **DEFENDANT CITY**, including the **DEFENDANT DEPUTIES**, believed that their actions would not be properly monitored by supervisory deputies and that misconduct would not be investigated or sanctioned, but would be tolerated.

45. The above described policies, customs, and practices demonstrated a deliberate indifference on the part of policymakers of **DEFENDANT CITY** to the constitutional rights of persons within the City, and were the cause of the violations of the Plaintiffs' rights alleged herein.

46. **DEFENDANT CITY** is liable to the plaintiffs for compensatory damages and attorney's fees under 42 U.S.C. 1983 for causing the plaintiffs to be deprived of their clearly established federal and state constitutional rights.

## PUNITIVE DAMAGES

47. Paragraphs one (1) through forty-six (46) are incorporated herein by reference as though fully set forth.

48. The aforementioned conduct on the part of each defendant was outrageous as to shock the conscience of a reasonable person and was done with such malicious intent and reckless disregard for the safety and constitutional rights of the plaintiff, that the plaintiff is entitled to punitive damages under Common Law and the Laws of the State of Georgia.

WHEREFORE, the Plaintiffs pray that this Court:

a. Award compensatory damages to the Plaintiffs against the defendants, jointly and severally, in the amount of Three Million Dollars ($3,000,000.00);

b. Award punitive damages to the Plaintiffs in order to deter such future conduct in the amount of Five Hundred Thousand Dollars ($500,000.00);

c. Award costs of this action to the Plaintiffs;

d. Award reasonable attorney fees and costs to the Plaintiffs as to Counts I and IV of the complaint;

e. For a trial by jury on all issues triable;

f. Award such other and further relief as this Court may deem appropriate.

Respectfully submitted this the 13th day of December, 2004.

*Joseph Wiley, Jr.*
JOSEPH WILEY, JR.
Georgia State Bar No. 758910
804 Second Avenue
PO Box 2036
Columbus, Georgia  31902
(706) 327-2962

DWAYNE L. BROWN
AL State Bar No. BRO149
Post Office Box 230205
Montgomery, AL 36123-0205
(334) 277-3757